UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────X

J.D. on behalf of J.M.,

                                    **COMPLAINT**

                                    Case No: _____

            Plaintiff,

                v.

New York City Department of Education,
New York City Board of Education, and
RICHARD CARRANZA in his official capacity as
Chancellor of the New York City School District,

            Defendants.
───────────────────────────────────────────X

       Plaintiff J.D., individually and as a parent of J.M., a child with a disability, by and through her attorneys, Advocates for Children of New York ("AFC") and Weil, Gotshal & Manges LLP ("Weil"), hereby alleges:

       1.     Plaintiff in this action seeks an order requiring the Defendants to immediately and fully comply with the terms of an order issued by an Impartial Hearing Officer ("IHO") on June 9, 2020 (the "Order") ordering the Defendants to reimburse the Plaintiff for meal expenses incurred during the 2019-2020 school year. Alternatively, in the event the Court finds the Order insufficiently clear, Plaintiff seeks a ruling ordering reimbursement pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1983 based upon Defendants' discriminatory treatment of J.M. due to her disability in failing to fund meals while J.M. attended a state approved, non-public school because of her disability during the 2019-2020 school year.

       2.     During the course of the hearing held before the IHO on February 11, 2020, the IHO expressed clear intent to order reimbursement for J.D. for the cost of J.M.'s meals for both

the 2018-2019 and 2019-2020 school years. Specifically, the IHO provided rough estimates of the amount of reimbursement for the 2018-2019 *and* 2019-2020 school years. On June 9, 2020, the IHO ordered Defendant New York City Department of Education ("NYC DOE") to reimburse J.D. for the cost of J.M.'s meals for the 2018-2019 and 2019-2020 school years. The NYC DOE has reimbursed J.D. for the cost of J.M.'s meals for the 2018-2019 school year, but has inexplicably refused to comply with the Order and reimburse J.D. for the cost of J.M.'s meals for the 2019-2020 school year. In response to a request by the Plaintiff's attorney to clarify that the intent was to reimburse the parent for both years, the IHO remarked that the Order was "sufficiently clear on its face."

3. Even if the Court declines to enforce the IHO's Order, as a matter of law, the NYC DOE is required to reimburse Plaintiff for the cost of J.M.'s breakfasts and lunches while she attended the state approved non-public school because of her disability. Because of J.M.'s disability and learning needs, Defendants have acknowledged that they cannot provide an appropriate public school for J.M. Defendants therefore pay for J.M. to attend a state-approved non-public school ("NPS") that can accommodate her disability and learning needs. If J.M. were able to attend public school, Defendants would provide J.M. with free breakfast and lunch, but they have refused to do so while J.M. attends the NPS due to her disability. Paying for J.M.'s breakfast and lunch each day for the 2019-2020 school year imposed a significant financial burden on J.D. J.D. therefore was left with an impossible choice: have J.M. attend a school where she can receive an appropriate education that accommodates her disability or have J.M. attend a school that cannot meet her special needs, but where she would receive breakfast and lunch each day. Defendants' refusal to fund J.M.'s breakfast and lunch while she attended the NPS during the

2019-2020 school year constitutes discrimination in violation of both the Rehabilitation Act and Americans with Disabilities Act.

## PARTIES

4. Plaintiff J.D. resides in New York County, State of New York, and is the parent of J.M.

5. Plaintiff J.M. is a child with a disability as defined by Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Americans with Disabilities Act.

6. Defendant NYC DOE, along with Defendant New York City Board of Education, is the official body charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities. N.Y. Educ. Law §§ 2590, 2590-g (McKinney 2009). The NYC DOE is a recipient of federal assistance. The NYC DOE is a branch of municipal government in New York City, with its principal place of business located at 52 Chambers Street, New York, New York, 10007.

7. Defendant Richard Carranza is the Chancellor of the NYC DOE ("the Chancellor"), and as such is entrusted with the specific powers and duties set forth in N.Y. Educ. Law § 2590-h (McKinney 2010), including oversight of the NYC DOE's provision of education and services to students with disabilities under Section 504. The Chancellor's principal place of business is located at 52 Chambers Street, New York, New York, 10007. Collectively, the Chancellor, NYC DOE, and New York City Board of Education are referred to herein as "Defendants."

## JURISDICTION AND VENUE

8. Jurisdiction is based upon the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1983.

9. Venue is based upon 28 U.S.C. § 1391(b)(1).

## FACTUAL BACKGROUND

10. J.M. is a nine-year-old student with learning disabilities in reading, writing, and math, and has been diagnosed with Attention-Deficit/Hyperactivity Disorder.

11. After years of discussion between J.D. and the NYC DOE to provide adequate services for J.M., J.D. unilaterally placed J.M. at Tiegerman Elementary School ("Tiegerman"), a state-approved non-public school ("NPS") in January 2019, and informed the NYC DOE that she would be seeking tuition payment from the NYC DOE through an administrative due process hearing. J.D. also requested that the NYC DOE reimburse J.D. for the cost of J.M.'s breakfast and lunch while J.M. attended Tiegerman. The NYC DOE did not respond to J.D.'s request.

12. In May of 2019, recognizing the progress J.M. was making at Tiegerman, the NYC DOE recommended in her Individualized Education Program ("IEP") that J.M. attend the state approved NPS. J.M. was then officially placed by the NYC DOE at Tiegerman in June 2019. The NYC DOE, however, did not agree to fund J.M.'s cost of breakfast and lunch while she attended Tiegerman.

13. If J.M. were to attend a public school, she would receive free breakfast and lunch every day that she attended school.

14. Since September 2017, the NYC DOE has provided free breakfast and lunch to all students in all NYC public schools. NYC DOE Announcement, "Chancellor Fariña Announces Free School Lunch for All," dated Sept. 6, 2017.

15. Plaintiff, J.D., paid the cost of providing meals to J.M. while she attended Tiegerman during the 2019-2020 school year.

16. On September 27, 2019, Plaintiff, through her attorneys, filed a request for a due process hearing pursuant to the IDEA, 20 U.S.C. § 1415(f)(1), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (the "Due Process Complaint").

17. In the Due Process Complaint, Plaintiff claimed, among other things, that the NYC DOE discriminated against J.M. based upon her disability under the Rehabilitation Act because the NYC DOE refused to provide J.M. with free breakfast and lunch while she attended an NPS during the 2018-2019 and 2019-2020 school years due to her disability (the "Meals Claims"). The Due Process Complaint sought an order compelling the NYC DOE to reimburse J.D. for the cost of J.M.'s meals during both school years.

18. An IHO conducted a due process hearing to address the claims and relief sought in the Due Process Complaint. The hearing commenced on February 11, 2020.

19. At the hearing, the NYC DOE did not object to Plaintiff's request to provide reimbursement for meal expenses incurred during the 2018-2019 or 2019-2020 school years, nor did it offer any evidence at the hearing. Feb. 11, 2020 Hr'g Tr. at 10:4-10. The IHO also made clear during the hearing that he would be ordering the NYC DOE to reimburse Plaintiff for the cost of J.M.'s breakfast and lunch while at Tiegerman for the 2018-2019 and 2019-2020 school years, which he estimated to be a total cost of $3,000. *Id.* ("It's also my understanding that Department of Education does not challenge the Parent's request for reimbursement for breakfast and lunch at the private school, which we have calculated to be approximately $2,000 for one year, and then there is from January to June [of 2019], maybe $3,000 altogether, but this is a rough estimate.").

20. On June 9, 2020, the IHO issued a decision.

21. The IHO noted that the Due Process Complaint requested reimbursement for the cost of breakfast and lunch incurred during both the 2018-2019 and 2019-2020 school years and that the NYC DOE did not challenge Plaintiff's request for reimbursement for either school year. Order at 7.

22. Although the conclusion of the IHO's Order failed to explicitly state that the NYC DOE was required to reimburse J.D. for the cost of breakfast and lunch incurred during the 2019-2020 school year, the rest of the IHO's written decision plainly indicated an intent to grant reimbursement for both the 2018-2019 and 2019-2020 school years, and specifically addressed the approximate amounts owed for each school year. *Id.*

23. The IHO's intent to include the 2019-2020 school year as part of the relief granted also was clearly expressed during the hearing itself, where the IHO approximated the amount of reimbursement owed for *each year*, and contemplated that the final order would state that the NYC DOE would be required to reimburse Plaintiff or directly pay that total cost of meals for both school years. Feb. 11, 2020 Hr'g Tr. at 10:4-10, 50:6-25, 51:1-2.

24. Despite the clear indicia that the IHO's Order intended to grant Plaintiff's request for reimbursement for both the 2018-2019 and 2019-2020 school years, the NYC DOE inexplicably has refused to reimburse Plaintiff for breakfast and lunch expenses incurred during the 2019-2020 school year.

25. In July 2020, the NYC DOE acknowledged that it would pay $856.80 to Plaintiff as reimbursement for meal expenses incurred between March and June of 2019 pursuant to the Order. This number was calculated based on Plaintiff's grocery store receipts, which showed Plaintiff spent approximately $10.24 per school day for meals. Plaintiff also requested $1,126.40 for the 2019-2020 school year based on the same method of calculation. This reimbursement is

for the period from September 2019 through March 2020, at which time the NYC DOE began offering free meals to all students due to the COVID-19 pandemic.  Although the NYC DOE reimbursed Plaintiff for the cost of meals for the 2018-2019 school year, the NYC DOE refused to reimburse Plaintiff for the cost of meals for the 2019-2020 school year, claiming that the IHO's Order did not require reimbursement for that school year.

26. In response to Plaintiff's request that the IHO clarify the Order, the IHO stated that "[t]he order is sufficiently clear on its face.  The Parent's remedy for the DOE's failure to implement the order is to file a complaint with VESID [the Office of Vocational and Educational Services for Individuals with Disabilities] or federal court."  July 27, 2020 email from Edgar De Leon, IHO.  Despite this statement from the IHO, the NYC DOE still refused to implement the Order requiring the NYC DOE to reimburse Plaintiff for the cost of meals during the 2019-2020 school year.

27. The NYC DOE did not appeal the IHO's order.

28. The NYC DOE has no authority to unilaterally modify or disregard the IHO's unappealed order requiring the NYC DOE to provide reimbursement to the Plaintiff.

29. Additionally, even in the absence of the Order granting Plaintiff's request for reimbursement, under well-established law, the NYC DOE is required to reimburse Plaintiff for the cost of J.M.'s breakfast and lunch while she attends a school through NYC DOE funding due to her disability.  In *CD v. New York City Department of Education*, No. 05 Civ. 7945(SHS), 2009 WL 400382 (S.D.N.Y. Feb. 11, 2009), the United States District Court for the Southern District of New York found that plaintiffs had stated a claim against the NYC DOE under Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983 based upon the NYC DOE's refusal to provide meals or reimburse parents for the cost of meals for students with

disabilities who attended private schools at the NYC DOE's expense because of their disabilities. The Court reasoned that "[d]isabled students should not have to choose whether to learn or to eat, and the law does not require them to choose." *Id.* at *7. The NYC DOE's refusal to reimburse J.D. for the cost of J.M.'s breakfast and lunch while attending an NPS due to her disability has forced J.D. to make this same discriminatory choice.

## CAUSES OF ACTION

### Count I: Violation of Section 504 of the Rehabilitation Act
### For Failure to Implement the IHO's Order

30. Plaintiff repeats and realleges paragraphs 1-29 as if fully set forth herein.

31. Section 504 of the Rehabilitation Act of 1973 and its implementing regulations provide, "No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4(a).

32. The NYC DOE receives federal funding and is therefore subject to the obligations of the Rehabilitation Act.

33. The NYC DOE's failure to comply with the terms of the IHO's Order violates Section 504 of the Rehabilitation Act. But for her learning disabilities, J.M. could attend public school, where she would qualify for, and be provided, free breakfast and lunch.

34. The IHO clearly expressed his intent to grant the relief requested by Plaintiff and order that the NYC DOE reimburse Plaintiff for the cost of J.M.'s meals for the 2019-2020 school year during the February 11, 2020 hearing and through the Order issued on June 9, 2020.

35. The IHO has acknowledged that the Order is sufficiently clear.

36. Defendant's refusal to implement the IHO's Order to reimburse J.D. for the cost of J.M.'s meals during the 2019-2020 school year constitutes intentional disability-based discrimination, and has resulted in the continued denial of educational benefits to which J.M. is entitled.

### Count II: Violation of Section 504 of the Rehabilitation Act
### For Failure to Reimburse the Plaintiff

37. Plaintiff repeats and realleges paragraphs 1-36 as if fully set forth herein.

38. J.M. is a child with a disability under the Rehabilitation Act.

39. Plaintiff filed the Due Process Complaint pursuant to the Rehabilitation Act due, in part, to the NYC DOE's discrimination against J.M. based upon her disability in failing to provide or pay for J.M.'s breakfast and lunch while she attended the school mandated on her IEP because of her disability.

40. J.M. is otherwise qualified to receive free breakfast and lunch from the NYC DOE, because New York City provides free school meals to all students in New York City public schools.

41. The NYC DOE did not offer J.M. any accommodations so that she could attend an appropriate school for her disabilities and receive free breakfast and lunch.

42. J.M.'s disabilities are therefore the substantial cause of her inability to receive breakfast and lunch.

43. The NYC DOE discriminated against J.M. based upon her disability in failing to pay for her breakfast and lunch every day while she attended an NPS during the 2019-2020 school year pursuant to her IEP because of her disability, in violation of Section 504 of the Rehabilitation Act.

### Count III: Violation of the Americans with Disabilities Act

44. Plaintiff repeats and realleges paragraphs 1-43 as if fully set forth herein.

45. J.M. is a child with a disability under the Americans with Disabilities Act.

46. The NYC DOE discriminated against J.M. based upon her disability in failing to provide or pay for her breakfast and lunch while she attended an NPS because of her disability, in violation of the Americans with Disabilities Act.

### Count IV: Violation of 42 U.S.C. § 1983

47. Plaintiff repeats and realleges paragraphs 1-46 as if fully set forth herein.

48. By discriminating against J.M. on the basis of J.M.'s disability, in violation of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act, Defendants have violated 42 U.S.C. § 1983.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court issue the following relief:

A. Issue an order requiring Defendants to immediately and fully comply with the terms of the IHO's Order by, *inter alia*, reimbursing J.D. in the amount of $1,126.40 for the full cost of breakfasts and lunches incurred during the 2019–2020 school year.

B. Order the NYC DOE to reimburse Plaintiff for the costs of J.M.'s breakfasts and lunches while J.M. attended Tiegerman during the 2019-2020 school year;

C. Issue a Judgment awarding Plaintiff costs and attorney's fees as a prevailing party in connection with this litigation as well as the underlying administrative hearing; and

D. Grant Plaintiffs any such other and further relief the Court deems appropriate.

Dated: January 25, 2021
       New York, New York

Respectfully submitted,

/s/ Rebecca C. Shore
Rebecca C. Shore
*Advocates for Children of New York, Inc.*
151 West 30th Street, 5th Floor
New York, New York 10001

-and-

/s/ Jared Friedmann
WEIL, GOTSHAL & MANGES LLP
Jared Friedmann
Carolyn Davis
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007
Email:     Jared.Friedmann@weil.com
Email:     Carolyn.Davis@weil.com

*Attorneys for Plaintiffs*